STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Thomas J.          }
Baribault                           }
                                    }  Docket No. 123-6-00 Vtec
                                    }
                                    }


Decision and Order on Motion for Summary Judgment

Appellant appealed from a decision of the Development Review Board (DRB) of the Town of
Jericho granting subdivision approval to Appellee-Applicants' planned residential development.
Appellant represents himself; Appellee-Applicants are represented by Vincent A. Paradis, Esq.;
the Town is represented by Gregg H. Wilson, Esq. Appellee-Applicants have moved for
summary judgment on or dismissal of all of the questions in Appellant' s Statement of Questions,
and hence of the appeal.

Appellee-Applicants applied for approval of a five-lot subdivision of their approximately 18.9-
acre parcel, as a planned residential development under § 603 of the Zoning Regulations.

Question 1 pertains to whether the proposal violates the frontage requirements of § § 302.5.1 and
302.6 of the Zoning Regulations. Question 5 pertains to whether the proposal violates 302.6 as
well as § III(1)(2a.) of the Subdivision Regulations. If the project qualifies as a Planned
Residential Development, it is not required to meet those sections of the zoning regulations, but
instead under § 603.4[1] must meet § § 302.3 for lot width and 302.8 for road frontage and
minimum lot area (if the 1992 regulations apply) or must meet the equivalent enumerated
sections of § 603.4 and § 603.5 if the 1998 regulations apply. The proposal does qualify as a
Planned Residential Development, because under at least one alternative, five conventional lots
could legally[2] be divided from the parcel, and each proposed lot contains far more than the
minimum of 10,000 square feet. The alternative conventional subdivision shown in Exhibit B
satisfies § 603.4.3 because only the two back lots are served by the private right-of-way; the
three front lots all have access from Browns Trace Road. Accordingly, Appellee-Applicants'
Motion for Summary Judgment is GRANTED as to Questions 1 and 5 of Appellant' s Statement
of Questions and they are is hereby DISMISSED from this appeal.

As the hearing before this Court is de novo, the question before the Court under Question 2 will
be whether the disputed documents now meet the requirements of Subdivision Regulations
Article III(1)(a) and (2)(e), not whether they did so at the DRB hearing. Appellant does not
appear to dispute that they now satisfy these sections, but rather asserts that they did not satisfy
the sections when the matter was before the DRB. As the documents now satisfy these sections,
Appellee-Applicants' Motion for Summary Judgment is GRANTED as to Question 2 of
Appellant' s Statement of Questions and it is hereby DISMISSED from this appeal.

Material facts are in dispute as to whether the applicable regulations require the DRB and hence this Court to " minimize curb cuts where reasonable and possible" and, if so, whether the proposal does so. Accordingly, Appellee-Applicants' Motion for Summary Judgment is DENIED as to Question 3 of Appellant' s Statement of Questions and it hereby remains in this appeal.

A small section of the southerly boundary of the project parcel borders on Kettle Creek Road. Material facts are in dispute as to whether it is a ' minor street' and, if so, whether it is feasible to access the proposed subdivision from Kettle Creek Road, under § III(1)(9) of the Subdivision Regulations, or, if such access were required, whether improvements to Kettle Creek Road might be required under § III(2)(13). Although the Town road foreman has provided his opinion that such access is not feasible, Appellant may provide lay testimony in support of his position. The relative weight of that testimony will be for the trial. Accordingly, Appellee-Applicants' Motion for Summary Judgment is DENIED as to Question 4 of Appellant' s Statement of Questions and it hereby remains in this appeal.

Question 6 pertains only to the measurement of the gravel drive as a subdivision road, an issue material only to whether Act 250 also has jurisdiction over this project. This question is beyond the jurisdiction of the DRB and hence this Court. Accordingly, Appellee-Applicants' Motion for Summary Judgment is GRANTED as to Question 6 of Appellant' s Statement of Questions and it is hereby DISMISSED from this appeal.

Question 7 addresses the suitability of soils for the required on-site sewage disposal systems. Appellant does not dispute the suitability of soils for proposed lots 1, 2 and 3. Accordingly, Appellee-Applicants' Motion for Summary Judgment is GRANTED as to Question 7 of Appellant' s Statement of Questions as it pertains to lots 1, 2, and 3. However, materials facts are in dispute as to the soils suitability for lots 4 and 5, including the relative weight to be given to the test results, Appellee-Applicants' expert witnesses, the Soils Map, and Appellant' s personal experience with the area soils. Accordingly, Appellee-Applicants' Motion for Summary Judgment is DENIED as to Question 7 of Appellant' s Statement of Questions as it pertains to lots 4 and 5 only; as to those lots only, Question 7 hereby remains in this appeal.

Similarly, Appellee-Applicants' Motion for Summary Judgment is DENIED as to Question 8 of Appellant' s Statement of Questions. Appellant is entitled to present lay testimony as to the neighborhood experience on these issues, even though he is precluded from presenting expert testimony due to previous discovery orders in this case. Question 8 hereby remains in this appeal.

As to the first sentence of Question 9, relating to noise and dust, Appellant lacks standing to present evidence on this question. Accordingly, Appellee-Applicants' Motion for Summary Judgment is GRANTED as to the first sentence of Question 9 of Appellant' s Statement of Questions and it is hereby DISMISSED from this appeal.

As to the second sentence of Question 9, relating to the guarantee of tree planting, Appellee-Applicants agree to this condition if it is not already a requirement (see footnote 2 of their Motion for Summary Judgment). Accordingly, Summary Judgment on the second sentence of Question 9 of Appellant' s Statement of Questions is hereby GRANTED by agreement.

Material facts are in dispute as to Question 10, relating to whether pedestrian easements and fire protection have been provided to the extent required by §§ III(2)(11) and III(4) of the Subdivision Regulations. Accordingly, Appellee-Applicants' Motion for Summary Judgment is DENIED as to Question 10 of Appellant's Statement of Questions and it hereby remains in this appeal.

Accordingly, based on the foregoing, Appellee-Applicant's Motion for Summary Judgment is GRANTED in PART and DENIED in PART. The hearing on the remainder of the Statement of Questions will go forward on January 18, 2001 as scheduled; Appellant's motion to continue that hearing is DENIED based on the discovery orders already issued in this matter.

Done at Barre, Vermont, this 9th day of January, 2001.

_____
Merideth Wright
Environmental Judge

## Footnotes

[1.] Appellant is correct that the 1998 Zoning Regulation's version of §603.4 differs from that effective November 9, 1998; Appellant supplied the 1998 regulations to the Court.

[2.] Appellant disputes the size of the parcel, arguing that it is 18.5 acres, and that therefore the conventional subdivision design shown as Exhibit C would lack sufficient acreage for parcel 5. However, as an alternative conventional subdivision could be approved as shown in Exhibit B, the disputed size of the parcel is not material to this issue.